UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM GONZALEZ- VAZQUEZ<br><br>Plaintiff<br><br>vs.<br><br>METROPOLITAN BUS AUTHORITY ("AUTORIDAD METROPOLITANA DE AUTOBUSES"), its sucesor in interest INTEGRATED TRANSPORTATION AUTHORITY ("AUTORIDAD DE TRANSORTE INTEGRADO")<br><br>Defendants | CIVIL NO. 17-cv-02191 (CCC)<br><br><br>AMERICANS WITH DISABILITIES ACT; FAMILY AND MEDICAL LEAVE ACT; LAW 44; TORTS<br><br>JURY TRIAL DEMANDED |

## MOTION TO DISMISS AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, defendant **Integrated Transportation Authority ("ATI")**, through the undersigned counsels, who before this Honorable Court respectfully aver and pray:

### I. RELIEF SOUGHT

Defendant ATI moves this Honorable Court to dismiss the Amended Complaint for failing to state a claim upon which relief can be granted against it. In reviewing the content of said complaint, this court will note that there are no specific allegations of facts imposing any liability on defendant herein.

### II. BACKGROUND

On September 9, 2017, plaintiff William González-Vázquez filed the original complaint against defendant Metropolitan Bus Authority (MBA). (**Dkt. No. 1)**. Succinctly, plaintiff contends that he was terminated from his job as a bus driver in violation of the

Americans with Disabilities Act (ADA); Family and Medical Leave Act (FMLA) and Puerto Rico's Law 44 (P.R. Laws Ann. Tit.1, sec. 505).

On February 6, 2018, plaintiff amended the complaint to include defendant herein as a "*successor in interest*" of MBA. (**Dkt. No.14**)**.** However, no additional allegations were added with the purpose of establishing this purported fact nor the factual and/or legal basis to support such contention.

### III. STANDARD OF REVIEW FOR RULE 12(b) (6)

Fed.R.Civ.P.12 (b) (6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12 (b)(6), a court must accept the "*well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his or her favor".* Medina-Claudio v. Rodriguez-Mateo, 292 F. 3d. 31, 34 (1st Cir. 2002). An adequate complaint must provide fair notice to the defendants of a "*plausible legal claim"*. Ocasio- Hernandez v. Fortuño-Bruset, 640 F.3d 1, 12 (1st. Cir. 2011). In other words, a claim will survive a motion to dismiss only if it has alleged enough facts to render the claim facially plausible, not conceivable. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2D 868 (2009).

In the case at bar**,** the Amended Complaint fails to contain a single pleading against ATI that could be considered plausible. In other words, plaintiff has failed to include allegations directed at establishing the legal relationship between MBA and ATI and the elements set forth by law and the courts to determine whether an entity may be considered a "*successor in interest"* to another one.

The Department of Labor has set out regulations that provide the standard for such successor liability. Pursuant to 29 C.F.R. Sec. 825.107, for the purposes of FMLA, the following factors should be considered in determining whether an employer is covered because it is "*successor in interest*" to a covered employer:

i. Substantial continuity of the same business operations;
ii. Use of the same plant;
iii. Continuity of the work force;
iv. Similarity of jobs and working conditions;
v. Similarity of supervisory personnel;
vi. Similarity in machinery, equipment, and production methods;
vii. Similarity of products or services; and
viii. The ability of the predecessor to provide relief.

"A determination of whether or not a "*successor in interest*" exists is not determined by the application of any single criterion, but rather the entire circumstances are to be viewed in their totality". *29 C.F.R. sec. 825.107 (b)*

Different circuits have interpreted the aforementioned factors to determine whether or not a *"successor in interest"* exists. For instance, in Sullivan v. Dollar Tree Stores, Inc., 623 F. 3d 770 (9th Circuit 2010), the Court of Appeals, in rejecting a finding of "*successor in interest*", stated the following:

> "[T]he real question in each of these "successorship" cases is, on the particular facts, what are the legal obligations of the new employer to the employees of the former owner or their representative? The answer to this inquiry requires analysis of the interests of the new employer and the employees and of the policies of the labor laws in light of the facts of each case and the particular legal obligation which is at issue, whether it be the duty to recognize and bargain with the union, the duty to remedy unfair labor practices, the duty to arbitrate, etc. There is, and can be, no single definition of "successor" which is applicable in every legal context. A new employer, in other words, may be a successor for some purposes and not for others." **Howard Johnson, Co. Inc. v. Hotel Employees,** 417 U.S. 249 (1974) at 262 n.9

In <u>Sullivan,</u> the relevant facts were as follows: Factory 2-U filed for bankruptcy and Dollar Tree purchased only its lease on the Pasco store, among other ones not relevant here. Dollar Tree rehired a few of Factory 2-U's employees, and its generically described business operation (consumer retail store offering discounted products) was similar to Factory 2-U's. Similarities ended there, though. Dollar Tree purchased no inventory from Factory 2-U; required Factory 2-U's employees to apply for jobs with Dollar Tree if they wanted to work for Dollar Tree; brought in many of its own employees or newly hired employees; closed the store for a month to perform renovations; trained employees within its own methods; changed plaintiff's job title and responsibilities; assigned a new store manager; brought in all new inventory, including different clothing and many kinds of products never sold by Factory 2-U; and finally, it used an entirely different pricing structure for its products.

In <u>Coffman v. Chugach Support Services, Inc.</u>, 411 F.3d 1231 (11th Cir. 2005), decided by a different forum, the 11th Circuit ruled that a plaintiff must show some kind of sale, merger, or other type of direct acquisition by a successor (*i.e.*, "privity") before successor liability is imposed. <u>Coffman</u> involves a serviceman who returned from active duty to find that his former employer (predecessor) no longer had the contract to provide support services to a U.S. Air Force base, the contract having been awarded to another entity (potential successor). The 11th Circuit held that since there was no merger or transfer of assets between the former employer and the new service provider, there could be no successor liability imposed upon the new service provider in favor of the USERRA plaintiff.

## IV. CONCLUSION

The cited case law and the legal doctrines set forth by the court decisions discussed above, clearly show that there are certain factors and elements that must be closely considered by the courts in order to determine whether or not an entity is a "*successor in interest*" to another one. Before the court decides upon that issue, however, **the claim must be well pleaded**. That is, the claim must allege enough facts to render the claim facially plausible. <u>Ashcroft v. Iqbal</u>, *supra*. As we have stated previously, in this case there are no allegations of facts whatsoever in the Amended Complaint against ATI that specifically establish a legal connection with MBA as a "*successor in interest*". The Amended Complaint, paragraph five (5), states plainly that ATI is the successor of Metropolitan Bus Authority, nothing more. Thus, plaintiff's failure to notify defendant herein of a plausible legal claim cannot defeat the instant Rule 12 (b) (6) motion.

**WHEREFORE,** it is respectfully requested from this Honorable Court that ATI's Motion to Dismiss under Fed. R. Civ. P. 12 (b) (6) be GRANTED, with such further and other relief this Court deems pertinent under the circumstances.

**RESPECTFULLY SUBMITTED**

I HEREBY CERTIFY: That on this same date, a true copy of this motion has been sent by electronic mail to all attorneys of record in this case.

In San Juan, Puerto Rico, on this, the 2nd day of April 2018.

**A2Z LEGAL SERVICES, LLC**
*Counsel for Integrated Transportation Authority*
1250 Ponce de Leon Ave, Suite 700
San Juan, PR 00907-4016
PO Box 8121
San Juan, PR 00910-8121
Tel. (787) 725-6625

Fax: (787) 725-6624
Email: Jpglaw@outlook.com


BY: s/Jean Philip Gauthier
Jean Philip Gauthier Iñesta, Esq.
USDC-PR No. 211407

*s*/Vicente Santori Margarida
Vicente Santori Margarida
USDC-PR NO. 205913