IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM GONZALEZ VAZQUEZ<br>Plaintiff<br>vs<br>METROPOLITAN BUS AUTHORITY ("Autoridad Metropolitana de Autobuses"), its successor in interest INTEGRATED TRANSPORTATION AUTHORITY ("Autoridad de Transporte Integrado")<br>Defendants | CIVIL 17-2191CCC |

## OPINION AND ORDER

This employment discrimination case involves a former employee of defendant Metropolitan Bus Authority of Puerto Rico ("MBA"). Plaintiff William González Vázquez ("González Vázquez") has a severe hiatal hernia that required multiple hospitalizations. Shortly before his termination on October 28, 2015, the hernia became acute and he requested reasonable accommodations to receive treatment and for MBA to excuse his absences. He claims MBA terminated and retaliated against him and failed to provide a reasonable accommodation in violation of the American Disabilities Act ("ADA") and 1 L.P.R.A. § 505 ("Law 44"), Puerto Rico's analogue to the ADA. He claims that MBA violated the Family and Medical Leave Act ("FMLA") by denying his request for medical leave.

The complaint was initially filed solely against the MBA. On December 23, 2017, an Emergency Motion for Leave to File Amended Complaint to Add Successor Employer-Defendant and for Issuance of New

CIVIL 17-2191CCC                              2

Summons (d.e. 6) was filed to add Integrated Transportation Authority's ("ATI") as defendant.  ATI is a state instrumentality created by the Puerto Rico Legislature in 2014 to consolidate several government corporations, one of which is the MBA. *See* Commonwealth Law No. 123 of August 2014 ("Law 123").  González Vázquez's Emergency Motion was granted on January 26, 2018 (d.e. 13).  González Vázquez only amends ¶ 5 to state that "Defendant Metropolitan Bus Authority **and its successor Integrated Transportation Authority (both hereinafter together referenced as 'MBA', 'defendant' or 'defendants')** is a public corporation and an employer, as defined under the ADA with principal place of business in San Juan, Puerto Rico." (Emphasis added).

Before the Court is defendant Integrated Transportation Authority's ("ATI") Motion to Dismiss Amended Complaint (**d.e. 24**) filed on April 2, 2018.  ATI argues that plaintiff fails to state a claim of successor liability upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  ATI states in its "Conclusion" that "there are no allegations of facts whatsoever in the Amended Complaint against ATI that specifically establish a legal connection with MBA as a 'successor in interest'. The Amended Complaint, however, states at paragraph (5) that ATI is the successor of Metropolitan Bus Authority, but nothing more.

González Vázquez filed an Opposition (d.e. 27) on April 30, 2018, arguing that the change to paragraph 5 of his Amended Complaint serves to repeat all the allegations made against the MBA to ATI. *See* d.e. 24, ¶ 7.  He further posits that pleading additional facts of how ATI became MBA's

CIVIL 17-2191CCC                           3

successor for purposes of his causes of actions is not necessary considering that the state instrumentality assumed MBA's duties and obligations "[b]y operation of law [i.e. by statute], not of fact . . ." *See id*. at ¶ 18; *see also* ¶¶ 15, 17. González Vázquez refers to his Emergency Motion (d.e. 6) where he "set forth the legal theories to establish the 'legal relationship' between the MBA and the ATI as one of a 'successorship in interest.'" *See id.* at ¶ 16.

Having considered ATI's Motion and plaintiff's Opposition, the Motion to Dismiss Amended Complaint (**d.e. 6**) is DENIED.

**I.    LEGAL STANDARD**

**A.    Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

"When ruling on a Rule 12(b)(6) motion to dismiss, a district court is generally limited to considering 'facts and documents that are part of or incorporated into the complaint.' These limitations, however, are not absolute. A district court may also consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (*citing Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) and *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003)). "It is well established that a district court may rely on matters of public record, including prior filings in an action, in deciding motions to dismiss under [] Rule 12(b)(6) . . ." *Voltaire v. Westchester Cty. Dep't of Soc. Servs.*, No. 11-CV-8876 (CS), 2016 WL 4540837, at *3 (S.D.N.Y. Aug. 29, 2016). "It is [also] well established that district courts may take judicial notice of state law . . ." *United States v. Davila-Nieves*, 670 F.3d 1, 7 (1st Cir. 2012)

CIVIL 17-2191CCC                              4

(*citing Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 320 (1st Cir. 2004)).

In ruling on ATI's motion, we consider González Vázquez's Emergency Motion (d.e. 6) and take judicial notice of Law 123.

### B.     Successor Liability for FMLA and ADA Claims

"[F]ederal courts that have addressed successor liability in FLSA cases . . . have forged a federal common law successorship doctrine based on principles developed in other employment contexts." *Guarcas v. Gourmet Heaven, LLC*, No. CV 15-056ML, 2016 WL 7632844, at *5 (D.R.I. Nov. 30, 2016), report and recommendation adopted, No. 1:15-CV-00056-ML-PAS, 2017 WL 127868 (D.R.I. Jan. 3, 2017) (*referring to Steinbach v. Hubbard*, 51 F.3d 843, 845 (9th Cir. 1995). "Turning to the elements of the federal common law test, the cases generally deploy a three-prong approach that considers (1) whether the [successor] is a *bona fide* successor; (2) whether the [successor] had notice of the potential liability; and (3) the extent to which the predecessor can provide adequate relief directly." *Guarcas*, 2016 WL 7632844, at *6. "Whether an employer qualifies as a *bona fide* successor will hinge principally on the degree of [] continuity between the successor and predecessor." *Id.* (*citing Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 940 (N.D. Tex. 2014)).

Another district court within this circuit recently concluded that the aforementioned federal common law standard of successor liability applies to Title VII cases. *See Kratz v. Richard J. Boudreau & Assocs., LLC*, No. 15-CV-232-SM, 2017 WL 3614434, at *4 (D.N.H. Aug. 22, 2017) (*citing

CIVIL 17-2191CCC					5

*Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 764 (7th Cir. 2013) in stating "[w]hile our court of appeals (First Circuit) has not directly considered the issue, other circuits addressing successor liability in the Title VII employment context have applied 'a federal common law standard of successor liability . . .'").  And district courts that have addressed successor liability in ADA cases have turned to the elements of successor liability for Title VII claims because the ADA incorporates the powers, remedies, and procedures of said title at 42 U.S.C. § 12117(a).  *See e.g.*, *Abdel-Khalek v. Ernst & Young, L.L.P*, 1999 WL 190790, *7; *Equal Employment Opportunity Comm'n v. Labor Sols. of AL LLC*, 242 F. Supp. 3d 1267, 1273 (N.D. Ala. 2017); *E.E.O.C. v. Rockwell Int'l Corp.*, 36 F. Supp. 2d 1056, 1057 (N.D. Ill. 1999).

We adopt the same federal common law standard to determine whether González Vázquez has sufficiently plead causes of action under the FMLA and the ADA against ATI as MBA's successor.

**II.	DISCUSSION**

The Emergency Motion (d.e. 6) attaches the Amended Complaint and an English translation of Law 123 at docket entries 6-1 and 6-2, respectively.  It is evident that the Puerto Rico Legislature intended ATI to be a *bona fide* successor of MBA when it passed Law 123.

The Law's preamble indicates the Act is meant to ". . . authorize the transfer of property and funds; appropriate funds; authorize the merger of the Metropolitan Bus Authority and the Maritime Transport Authority of Puerto Rico and the Islands Municipalities into the Authority; and for other purposes."

CIVIL 17-2191CCC						6

      The Law's Statement of Motives explicitly mentions the MBA when stating that "[t]his bill seeks to further the development of the public policy on integrated mass transportation through the creation of an administrative structure exclusively geared towards implementing such policy. Currently, several public corporations under the Department of Transportation and Public Works (the Highways and Transportation Authority, the Metropolitan Bus Authority, the Maritime Transport Authority, and the Office of Driver's Services-Public Vehicles Regulation Office) are responsible for the implementation of the Commonwealth's policy on mass transportation." Commonwealth Law No. 123 of August 2014, § 17(d)(vi), at pp. 1-2 of d.e. 6-2. Furthermore, it provides that "[t]he creation of this mass transportation agency will serve as a spearhead for the integration of existing and future mass transportation services in Puerto Rico as a means to provide mobility and accessibility to residential areas, work, business, and other activities at the downtown area of main cities with higher population. This single integrated transportation agency must be founded on four pillars: Planning, Financing, Operation and Innovation, and Development." *Id*. at pp. 5.

      The Short Title of Law 123 is the "Puerto Rico Integrated Transportation Authority." *Id*. at § 1, p. 6.  The Authority is defined as "the Puerto Rico Integrated Transportation Authority created under [the] Act," while the Metropolitan Bus Authority "means the Metropolitan Bus Authority created under Act No. 5 of May 11, 1959 . . ." *Id*. at §§ 2(a),(c).

      ATI was created "[i]n order to carry on with the government's work of providing the people with the best modes of transportation; uniformly

CIVIL 17-2191CCC                              7

implementing the public policy on Mass Transportation, Rail Transport, and Maritime Transport; facilitating the mobility of persons and students; reducing to the maximum extent feasible any risks and inconveniences posed by traffic congestion in the highways of the Commonwealth of Puerto Rico; meeting the growing demand for more and better transportation facilities that Puerto Rico's economic growth requires; contributing with the development and implementation of the Transportation Plan defined in this Act; and promoting the development of areas surrounding train stations, bus terminals, and intermodal or multimodal stations, a body corporate and politic is hereby created as a public corporation and government instrumentality of the Commonwealth of Puerto Rico attached to the Department of Transportation and Public Works, with legal standing and juridical personality separate and independent from those of the Commonwealth of Puerto Rico, to be known as the Puerto Rico Integrated Transportation Authority (hereinafter the 'Authority')." *See id.* at § 3.

Law 123 states that the powers of ATI entail that "(a) [t]he Authority shall be empowered to develop and improve, own, contract, acquire, operate and manage any type of Mass Transportation, Rail Transport, and Maritime Transport Facility, as well as any Mass Transportation, Rail Transport, and Maritime Transport service between any points within the jurisdiction of the Commonwealth of Puerto Rico. The Authority may exercise any necessary or inherent powers to carry out its corporate purposes, including, but not limited to: (1) Have perpetual succession as a corporation; . . . (17) Build, restore, repair, preserve, replace, extend, improve, renovate, supply, equip, maintain,

CIVIL 17-2191CCC                          8

plan, and operate any Mass Transportation, Rail Transport, and Maritime Transport Facility and any adjacent structure and equipment by contract or contracts or led or represented by its own officials, agents, and employees, or through them; provided that, it shall also have such power within any Zone of Influence or Special Development District, in relation to any structure or building whether for residential, commercial, tourist, mixed or industrial use or any other public or private use allowed within the Zone of Influence or Special Development District; (19) . . . For those fiscal years in which the Authority receives legislative appropriations from the General Fund, the Authority shall be subject to the budget oversight, control, and execution measures authorized under Act No. 147 of June 18, 1980, as amended, known as the 'Organic Act of the Office of Management and Budget' or issued thereunder by the Office of Management and Budget, including transfers, freezes, reserves, preapproval of personnel transactions and hiring, among others; . . . **(26) Appoint or hire officials, agents, and employees and establish their powers and duties as determined by the Authority and delegate the duties and powers conferred by this Act to those persons designated by the Authority, fix and pay the appropriate compensation; ... (29) Establish the requirements for private or public operators and drivers of mass transportation vehicles in accordance with the Federal Public Transportation Law, as amended, 49 U.S.C. 5301, et seq., or any other applicable Law or Regulations;** (b) Without prejudice to the powers described above, the Authority shall also have the same powers, duties, and authorities bestowed on (i) the Metropolitan Bus Authority, pursuant to the provisions of Act No. 5 of

CIVIL 17-2191CCC                              9

May 11, 1959, as amended; (ii) the Maritime Transport Authority pursuant to the provisions of Act No. 1-2000, as amended; and (iii) the Highways and Transportation Authority in connection with Mass Transportation and Rail Transport Facilities, pursuant to the provisions of Act No. 74 of June 23, 1965, as amended." *Id*. at § 5 (emphasis added).

Section 17(d) of Law 123 provides that: "**the Metropolitan Bus Authority and the Maritime Transport Authority are hereby merged into the Authority . . . The Executive Director of the Authority, the Secretary, the President of the Metropolitan Bus Authority, and the Executive Director of the Maritime Transport Authority are hereby empowered to adopt any measures and carry out any transactions as are necessary to ensure that the consent or approval of third parties, which is needed for implementing the merger of the Metropolitan Bus Authority and the Maritime Transport Authority into the Authority is obtained**" *Id.* It also states that "**. . . the separate juridical personality of the Metropolitan Bus Authority or the Maritime Transport Authority (as the case may be), and the Metropolitan Bus Authority or the Maritime Transport Authority (as the case may be) shall be merged into the Authority along with all the rights, privileges, authorities, and franchises, both public and private, and subject to all the restrictions, inabilities, and duties of the Metropolitan Bus Authority or the Maritime Transport Authority . . .; ii. All the rights, funds, appropriations, privileges, powers, and franchises of the Metropolitan Bus Authority or the Maritime Transport Authority (as the case may be), and all the real and personal property, and the credits**

CIVIL 17-2191CCC				10

**of any kind in favor of the Metropolitan Bus Authority or the Maritime Transport Authority (as the case may be), including rights or property that may be claimed or owned by the Metropolitan Bus Authority or the Maritime Transport Authority (as the case may be), shall be transferred to the Authority; iii. All the property, rights, privileges, powers, and franchises, and, without exceptions, any other interest shall consequently be part of the assets of the Authority to the same extent as when they were assets of the Metropolitan Bus Authority or the Maritime Transport Authority, respectively; . . . vii. The Authority and all of its components shall be required to close their fiscal year with a balanced budget. For such purpose, any necessary fiscal adjustments may be made in accordance with the sound public administration principles. Any obligation incurred or negotiation conducted shall be consistent with the fiscal reality of each component. Moreover, the labor unions and bona fide associations of the components covered under this Act shall be recognized."** *Id.* at § 17(d)(i), (ii), (iii), (vi). (emphasis added).  It is evident that ATI was meant to continue the business of the MBA.

González Vázquez states several times in his Emergency Motion (d.e. 6) that ATI had notice of its potential liability.  *See* d.e. 6 at ¶¶ 14, 15, and 18. The language of Law 123 also sufficiently notified ATI of its potential liability to a plaintiff such as González Vázquez.  By its ter ms, the statute indicates that: "Any debt, obligation, and duty of the Metropolitan Bus Authority . . . shall become hereinafter the debts, obligations, and duties of the Authority and may be claimed as if such debts, obligations, and duties were incurred by the

CIVIL 17-2191CCC 11

Authority." Commonwealth Law No. 123 of August 2014, § 17(d)(vi), at p. 43 of d.e. 6-2.

As already indicated, Law 123 provides for the MBA's judicial personality to be merged with ATI. *See* d.e. 6-2 at § 17(d)(i). This would make González Vázquez's ability to recover from MBA rather difficult. By its terms, Law 123 therefore favors successor liability. *See Guarcas*, 2016 WL 7632844, at *8 (*citing Teed v. Thomas & Betts Power Solutions*, 711 F.3d 763, 766 (7th Cir. 2013) in stating that "[t]he predecessor's inability to provide relief favors successor liability, as without it the plaintiff's claim is worthless . . .").

Accordingly, having considered González Vázquez's Emergency Motion, which attaches Law 123, we find that he has sufficiently plead that ATI is MBA's successor.[1]

### III. CONCLUSION

For the foregoing reasons, ATI's Motion to Dismiss Amended Complaint (**d.e. 24**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on January 28, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge

---

[1] Having found that González Vázquez has sufficiently plead a cause of action under the ADA against ATI as MBA's successor, we also find he has sufficiently plead a cause of action under Law 44.